UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEWCO FAMILY LLC,

                Plaintiff,

      -against-

SHABAB HAIDER,

                Defendant.

23-CV-8921 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Defendant Shabab Haider, who is appearing *pro se*, filed a notice of removal to remove to this court an action pending against him in the Civil Court of the City of New York, County of New York. *See Newco Family LLC v. Haider*, No. LT-301630-23. By order dated October 12, 2023, the Court granted Defendant's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court remands this action to the Civil Court of the City of New York, County of New York.

## STANDARD OF REVIEW

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may, within 30 days of the filing of the notice of

removal, remand an action *sua sponte* for a procedural defect, or at any time, for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

On January 23, 2023, Plaintiff Newco Family LLC ("the landlord") commenced a nonpayment eviction action against Shabab Haider and Cirena Carillo-Haider by filing a nonpayment petition in the Civil Court of the City of New York, County of New York. In the nonpayment petition, the landlord alleges that Haider and Carillo-Haider are tenants in a Manhattan building located at 104 East 36 Street, and that they have defaulted in paying their monthly rent of $4,000.00, and now owe a balance of $56,000.00 (ECF 1, at 8.) The petition was served on Haider and Carillo-Haider on an unspecified date.

On October 10, 2023, Haider solely filed a notice of removal in this court. In the notice of removal, Haider asserts that removal is proper under 28 U.S.C. § 1441(a) because the action presents questions of federal law. Specifically, he claims the following: (1) that the Court has original jurisdiction of the action under 28 U.S.C. § 1331 because of his counterclaim that the landlord has taken allegedly "racist and discriminatory actions" against him; (2) that he seeks to "redress deprivation of equal rights and civil rights"; (3) that the landlord has violated various provisions of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604; and (4) that the Court may exercise its supplemental jurisdiction of any state law claims under 28 U.S.C. § 1367. (ECF 1, at 3.) Haider also asserts generally that his civil and constitutional rights "have not been duly protected." (*Id.* at 1.)

**DISCUSSION**

Removal of this case is improper because it suffers from procedural defects and Haider does not establish that this Court has subject matter jurisdiction of this action.

A.    **Timeliness of Notice**

A notice of removal must be filed within 30 days of the defendant's receipt of a pleading, motion, or other paper indicating grounds for removal. 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "[T]he 30-day removal periods of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered until the plaintiff serves the defendant with an initial pleading or other document" in the case that demonstrates removability. *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 148 (2d Cir. 2014).

It is not clear that the notice of removal was timely filed. Haider alleges that the landlord's nonpayment petition was filed in the state court on January 23, 2023. (ECF 1, at 2.) Haider does not allege when he was served with the petition, but he asserts that he "file[d] this [n]otice of [r]emoval timely after his receipt of a verified pleading from which it may first be ascertained that the case is one that has become removable." (*Id.*) Because Haider does not provide the date he was served or the date when the petition – which does not appear to have been amended – could first be ascertained as removable, it is not clear when the 30-day clocks of Sections 1446(b)(1) and (b)(3) began to run and whether the removal was timely.

B.    **Consent to Removal by Defendants**

Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." "In a multi-defendant case . . . the

defendant seeking removal must obtain the consent of all other defendants and document that consent in its moving papers." *Thomas and Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 740 (S.D.N.Y. 2010)*; see, e.g., Heller v. N.Y.C. Health & Hosps. Corp.*, No. 09-CV-6193, 2010 WL 481336, at *2 (S.D.N.Y. Feb. 1, 2010) (citing cases). Failure to do so amounts to a procedural defect in the removal process and justifies a remand by the federal court. *Allstate Ins. Co. v. Zhigun*, No. 03-CV-10302, 2004 WL 187147, at *2–3 (S.D.N.Y. Jan. 30, 2004); *Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp. 2d 188, 193–94 (S.D.N.Y. 1999) (collecting cases demonstrating "widespread agreement among the district courts, including those in the Second Circuit," regarding the rule of unanimity).

Here, Haider does not demonstrate that Cirena Carillo-Haider, his co-defendant in the state court action, has consented to the removal. Haider is the only defendant who signed and filed the notice of removal. Because Carillo-Haider does not manifest her consent by signing the notice of removal or by providing "unambiguous written evidence of consent to the court in a timely fashion," the removal is improper. *Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006).

## C.    Subject Matter Jurisdiction

A defendant in a state court action may remove a matter to a federal district court only if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

4

In the context of removal, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (internal quotation marks and citations omitted). Whether a plaintiff's suit arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim  . . ., unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983); *see also Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003) (holding that a federal law defense or counterclaim is not a proper foundation for removal of a case from state to federal court); *City of Rome, N.Y. v. Verizon Commc'ns Inc.*, 362 F.3d 168, 175 (2d Cir. 2004) (holding that "[t]he mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach").

Here, Haider invokes federal question jurisdiction as the basis for removal. However, nothing in the state court nonpayment petition suggests a federal cause of action. The petition presents a simple landlord-tenant dispute over nonpayment of rent, a matter of which federal courts do not have jurisdiction. *See Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (amended summary order) ("[A] landlord-tenant dispute [is one] over which the federal courts simply have no [federal question] jurisdiction."); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (noting that "the landlord-tenant relationship is fundamentally a matter of state law" and that "[t]ime and again, district courts have disclaimed jurisdiction over landlord-tenant disputes" (citation and quotations marks omitted)). Haider's attempt to raise counterclaims or defenses under the FHA and other federal laws cannot serve as the basis for removing the state court rent dispute to federal court. Removal of a case to federal court may not be predicated on a counterclaim or affirmative defense as it is not part of a

plaintiff's properly pleaded statement of his claim. *See Rivet*, 522 U.S. at 475. Haider has not demonstrated that the Court has subject matter jurisdiction of this action.[1]

For all of the reasons stated above, the Court concludes that removal of this case is improper. Thus, the action is remanded to the Civil Court of the City of New York, County of New York. *See Mitskovski*, 435 F.3d at 131 (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

Because removal of this action is improper, the Court remands this action, under 28 U.S.C. § 1447(c), to the Civil Court of the City of New York, County of New York. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:   October 18, 2023
          New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge

---

[1] Although Haider does not argue that the Court has diversity of citizenship of this action, the Court notes that it lacks such jurisdiction because the landlord and Haider are all residents of the State of New York. *See* 28 U.S.C. § 1332(a).